IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MOUNTAIN PURE LLC, JOHN STACKS
and BEVERLY STACKS                                                                    PLAINTIFFS


v.                                          No. 4:02CV00100 GH


BANK OF AMERICA, N.A.                                                                  DEFENDANT


**ORDER**

By order filed on March 28th, the Court granted defendant's motion for summary judgment. On April 11th, defendant filed a motion for attorney's fees in the amount of $48,561.30 and costs in the amount of $1,652.44 for a total of $50,213.74. It seeks attorney's fees pursuant to Ark. Code Ann. §16-22-308 as the prevailing party in a civil action for breach for contract and pursuant to Fed.R.Civ. 54(d)(1) as to costs. In support of the motion, defendant has submitted an itemized statement, table summary of fees and expenses, affidavit and brief.

Plaintiffs responded on April 17th admitting that defendant is the prevailing party and conceding that the Court has discretion to award fees, but argues that as the bank is not entitled to an award of fees, defendant's request for such an award should be denied. They assert that the Court did not find that there was no contract nor that defendant did not breach the contract and that summary judgment was granted on the basis that plaintiff could not prove damages flowing from the breach of contract. Plaintiffs argue that the Court could have easily have found that there was a contract and that defendant breached the contract as defendant did not deny its agreement to release the stock and documents prove that defendant delayed release of the stock for approximately

two months, but that plaintiffs could not prove damages flowing from the breach. They ask the Court to exercise its discretion in denying the motion.[1]

On May 2nd, defendant filed a reply countering that while the statute does make an award of fees discretionary, defendant is entitled to an award of fees under the terms of the Commercial Pledge and Security Agreement signed by the parties whereby the Stacks plaintiffs agreed to pay defendant for all of its costs and expenses incurred in enforcing the agreement. A copy of the agreement is attached to the reply.

Plaintiffs filed a surreply on May 4th that defendant originally relied solely on the statute for its fees and did not mention any entitlement to fees pursuant to the contract between the parties. They argue that the clause upon which defendant relies provides that plaintiffs may be liable for fees incurred "in connection with the enforcement of this agreement," yet this case did not involve enforcement of the agreement – it involved a claim of breach of contract by the defendant in refusing to honor an oral agreement to release plaintiff's stock which was pledged to secure a line of credit and did not involve any attempt by defendant to enforce the agreement.

**Ark. Code Ann. § 16-22-308. Attorney's fees** provides:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The Eighth Circuit agrees that the statute does not mandate an award of attorney's fees as noted in Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722-723 (8th Cir 2004)

---

[1] Plaintiffs' response and supporting brief were refiled on April 26th to correct the lack of their counsel's state bar number.

The applicable Arkansas statute states that a prevailing party in a contract suit "may be allowed a reasonable attorney's fee to be assessed by the court." Ark. Code. Ann. § 16-22-308 (2003). Under the statute, no award of fees is mandatory, and the trial court, presumably better acquainted with the circumstances of the proceedings, has discretion whether to award fees and in what amount. <u>Jones v. Abraham</u>, 67 Ark.App. 304, 999 S.W.2d 698, 705-06 (1999).

However, the Court is persuaded that an award of attorney's fees is appropriate in this case. As plaintiffs have not disputed the requested amount of $48,561.30 in fees nor the $1,652.44 in costs, the Court finds that the sums requested are appropriate for this litigation.

Accordingly, defendant's April 11th motion (#35) for attorney's fees is hereby granted. Defendants are awarded $48,561.30 in attorney's fees and $1,652.44 in costs.

IT IS SO ORDERED this 15th day of February, 2007.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE