**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MOUNTAIN PURE LLC, JOHN STACKS                                            PLAINTIFFS
and BEVERLY STACKS

v.                                         No. 4:02CV00100 JLH

BANK OF AMERICA, N.A.                                                      DEFENDANT

**OPINION AND ORDER**

On March 28, 2006, this Court granted summary judgment in favor of Bank of America on all of the plaintiffs' claims in this case. On appeal, the Eighth Circuit affirmed summary judgment in Bank of America's favor on all claims but one, which was a claim for attorneys' fees paid to procure a release of collateral held by Bank of America to secure a line of credit. Bank of America now has moved for summary judgment on that claim because the line of credit was with John Stacks and Beverly Stacks, but they did not pay the attorneys' fees and thus should not be allowed to recover them. The plaintiffs moved to dismiss for lack of subject matter jurisdiction and for a voluntary dismissal. They also have responded to the summary judgment motion. For the following reasons, both of the plaintiffs' motions to dismiss are denied, and Bank of America's motion for summary judgment is granted.

**I.**

John and Beverly Stacks own Mountain Pure, LLC, an Arkansas limited liability company that bottles and sells water and juice products. The plaintiffs and Bank of America engaged in two transactions, one for a $650,000 line of credit to John and Beverly Stacks, and the other a term loan for $1.85 million to Mountain Pure, guaranteed by the Stacks. Bank of America declared Mountain Pure's loan in default and asked the Stacks to move the line of credit to another lender. Eventually,

the plaintiffs and Bank of America became disentangled, and then the plaintiffs brought this action for damages for breach of contract and promissory estoppel. The original complaint asserted claims related to both transactions, but the claims related to the term loan were sent to arbitration and were subsequently dismissed with prejudice.

The $650,000 line of credit was secured by the Stacks with a pledge of Union Planters Bank stock as collateral. As mentioned, when Bank of America declared Mountain Pure's loan in default in February 2002, the bank requested that the Stacks move the line of credit to another lender. The Stacks obtained a loan from J.B. Hunt, LLC, to pay debt to Bank of America. Still, Bank of America would not release the Union Planters stock until Hunt provided a release and indemnification, which eventually happened. The Stacks allege that Bank of America did not release the stock in a timely fashion and that they suffered damages as a result.

After this Court granted summary judgment in favor of Bank of America, the Court awarded attorneys' fees to Bank of America in the amount of $48,561.30 and costs in the amount of $1,652.44. On appeal, the Eighth Circuit affirmed summary judgment on all claims except a claim for $3,961.53 in attorneys' fees charged to the Stacks for the work in connection with the release and indemnification demanded by Bank of America as a prerequisite to releasing the stock. The bank argued to the Eighth Circuit that those fees were consequential damages and were not reasonable under Arkansas law. The Eighth Circuit wrote:

> [T]he Bank knew when it extended the line of credit that recovering collateral would entail special damages of attorney fees, and it tacitly agreed to pay such special damages. Viewing the facts most favorably to the Stacks, attorney fees were incurred as a result of the Bank's delay in releasing the stock.

*Mountain Pure, LLC v. Bank of America*, 481 F.3d 573, 576 (8th Cir. 2007). The Eighth Circuit also

said that J.B. Hunt's attorney "took steps to procure the release of the stock, which the Stacks eventually paid for as attorney fees." *Id.* This Court's ruling on summary judgment had not included any specific facts about the attorneys' fees or who paid them.

On remand, plaintiffs moved to vacate the award of attorneys' fees, which the Court did without objection from Bank of America. Bank of America again moved for summary judgment. After Bank of America moved for summary judgment, the plaintiffs moved to dismiss for lack of subject matter jurisdiction and for voluntary dismissal, and they also responded to the motion for summary judgment.

## II.

The first issue is whether this Court has jurisdiction. The plaintiffs have moved to dismiss for lack of jurisdiction, arguing that, because the maximum amount of damages at issue is $3,961.53 in attorney's fees, the amount in controversy no longer exceeds the $75,000 required for diversity jurisdiction. However, the amount in controversy in a diversity case is "measured by the amount properly pleaded or as of the time of the suit, not by the end result." *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938)); *see also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The plaintiffs initially sought damages in excess of $450,000, which is well above the required $75,000 amount in controversy. Subsequent events that reduce the amount in controversy do not affect the jurisdiction of the court. *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971). The fact that only $3,961.53 in attorneys' fees remains at issue in this case does not destroy diversity jurisdiction.

## III.

The second issue is whether to grant plaintiffs' motion for voluntary dismissal pursuant to

Rule 41(a)(2) of the Federal Rules of Civil Procedure.  In considering whether to grant a motion for voluntary dismissal pursuant to Rule 41(a)(2), a court should take the following into consideration:

> (1) [T]he defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).  Further, "[a] party may not dismiss simply to avoid an adverse decision or seek a more favorable forum."  *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005).

Here, the plaintiffs have filed their motion for voluntary dismissal after five years of litigation, which included an appeal to the Eighth Circuit.  Bank of America has invested substantial resources, time, and expense to this case.  All of the issues in this case have been resolved except the issue of whether Bank of America is liable for the $3,961.53 in attorneys' fees incurred to obtain release of the Union Planters stock.  By the time the plaintiffs filed their motion for voluntary dismissal, Bank of America had already moved for summary judgment on that claim.  The plaintiffs explain that they need a dismissal because only $4,000 remains at stake and it is not economically feasible to pursue that small amount.  However, Bank of America points out that the attorneys' fees and costs they were previously awarded remain unresolved because of the appeal and that requesting a dismissal appears to be a way for the plaintiffs to avoid an adverse judgment involving those previously awarded fees.  The desire to avoid an adverse judgment is not a sufficient reason to warrant dismissal, nor is the fact that a relatively small claim remains after five years of litigation.  Considering all of the factors delineated in *Paulucci*, the Court denies the plaintiffs' motion to dismiss their claims against Bank of America without prejudice.  *Cf. Beavers v. Bretherick*, 227 F.

App'x 518 (8th Cir. 2007).

## IV.

The final issue is whether to grant Bank of America's motion for summary judgment. A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Bank of America argues that it is entitled to summary judgment because the undisputed facts show that John and Beverly Stacks did not pay the attorneys' fees in question, so they have no standing to claim damages as a result of those fees. It is undisputed that the fees were paid by Mountain Pure, LLC, which was not a party to the contract (the $650,000 line of credit) that resulted in the fees being incurred.

The plaintiffs do not challenge the substance of Bank of America's arguments for summary judgment,[1] but instead argue that the law of the case doctrine prohibits Bank of America from raising the issue of attorneys' fees. "A position that has been assumed without decision for purposes of resolving another issue is not the law of the case, a rule that may extend to an issue that was assumed because it was not contested." 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.

---

[1] The plaintiffs do not argue that payment by Mountain Pure was payment by the Stacks, nor do they invoke the collateral source rule. Therefore, the Court need not and does not address those issues.

COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478 (3d ed. 1998) (citing *Landscape Props., Inc. v. Vogel*, 46 F.3d 1416, 1421 (8th Cir. 1995)).  Here, Bank of America does not challenge the Eighth Circuit's ruling that attorneys' fees were incurred and would be recoverable under the Arkansas tacit-agreement rule; instead, Bank of America argues that the Stacks themselves did not pay the attorneys' fees and therefore cannot recover and that Mountain Pure cannot recover because it was not a party to the contract.  The Eighth Circuit assumed, as did the parties in their briefs, that the Stacks paid the attorneys' fees because that issue was not contested.  However, the Eighth Circuit did not decide the issue now before the Court.  Therefore, the law of the case doctrine does not apply.  Bank of America is entitled to summary judgment.

## CONCLUSION

For the reasons listed above, the plaintiffs' motion to dismiss for lack of subject matter jurisdiction and motion for voluntary dismissal are denied.  Documents #61, #67.  Bank of America's motion for summary judgment is granted.  Document #58.

IT IS SO ORDERED this 28th day of April, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE