**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MOUNTAIN PURE LLC, JOHN STACKS,                               PLAINTIFFS
and BEVERLY STACKS

v.                                    NO. 4:02CV00100 JLH

BANK OF AMERICA                                           DEFENDANT

**AMENDED AND SUBSTITUTED
OPINION AND ORDER**

The plaintiffs have filed a motion for reconsideration and to alter or amend the judgment. Bank of America has filed a motion for attorneys' fees. This Opinion and Order will rule on both motions.

In their motion for reconsideration, the plaintiffs argue, correctly, that the Court's Order granting Bank of America's motion for summary judgment failed to address the plaintiffs' argument that Bank of America waived its standing argument by failing to assert that argument before the first appeal and failing to raise that issue on appeal. In their request that the Court alter or amend the judgment, the plaintiffs argue that the effect of the Court's order is to hold that the plaintiffs lack standing and, because standing is a jurisdictional issue, the Court has no authority to reach the merits of the case. For the reasons that will be explained, the plaintiffs' motion for reconsideration and to alter or amend the judgment is denied; and Bank of America's motion for attorneys' fees is granted.

**I.**

In their brief in response to Bank of America's motion for summary judgment, the plaintiffs argued that the law of the case doctrine precludes litigation of issues that could have been raised before a final judgment subject to appeal but were not. In support of that proposition, plaintiffs cited

*Morris v. American Nat'l Can Corp. (Morris III)*, 988 F.2d 50 (8th Cir. 1993). In *Morris III*, the Eighth Circuit held that the defendant waived its argument that the district court lacked authority to enhance an award of attorneys' fees awarded pursuant to 42 U.S.C. § 2000e-5(k) after failing to raise the issue as a grounds for affirming in a previous appeal in which the plaintiff had appealed the district court's refusal to enhance the fee. In defending the initial appeal, the defendant had argued that the district court appropriately applied the prevailing law, which was based on Justice O'Connor's concurring opinion in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley II)*, 483 U.S. 711, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987). Accepting Justice O'Connor's concurring opinion as the applicable law, the Eighth Circuit reversed on the enhancement issue and remanded for further proceedings. *Morris v. American Nat'l Can Corp. (Morris II)*, 952 F.2d 200, 207 (8th Cir. 1991). After conducting the further proceedings, the district court enhanced the plaintiff's attorneys' fees by 50% to reflect the contingency fee agreement. Shortly thereafter, in *City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992), the Court held that enhancement for contingency is not permitted under the fee shifting statutes in the Solid Waste Disposal Act or the Federal Water Pollution Control Act, thereby effectively overruling the standard stated in Justice O'Connor's concurring opinion in *Delaware Valley II*. American National Can Corp. then appealed, contending that *Dague* barred the enhancement awarded by the district court on remand. The Eighth Circuit held that American National Can Corp. waived the argument that the fee shifting statute did not authorize enhancement for a contingency fee agreement by not presenting it in the earlier appeal. *Morris III*, 988 F.2d at 52. In so holding, the Eighth Circuit said that in its earlier decision it had held that Justice O'Connor's opinion stated the correct legal standard for determining whether to award an enhancement based

on a contingency fee agreement. *Id*. "This issue was thus decided in [the previous opinion] (albeit much more quickly in light of American National's waiver) and became the law of the case." *Id*. The court also said, "The law of the case as a result of waiver is no different than a matter that becomes the law of the case as a result of argument." *Id*.

As this Court noted in its opinion granting summary judgment to Bank of America, the Eighth Circuit in the appeal of this case did not decide the issue of whether the plaintiffs were barred from recovering the attorneys' fees because John and Beverly Stacks did not pay the fees and Mountain Pure, LLC, was not a party to the contract that resulted in the fees being incurred. In *Morris II*, the Eighth Circuit held that a specific rule of law governed the ultimate issue to be decided and did so after the defendant conceded the issue on appeal; in contrast, in the appeal of this case the Eighth Circuit assumed a fact to be true because it was not contested on appeal in order to reach another issue that was contested on appeal. Although this distinction may appear to be a fine one, it is nevertheless a real distinction between *Morris III* and this case.

The general rule is that it is inappropriate to consider an argument on a second appeal that could have been raised on the first appeal but was not. *Kessler v. National Enters., Inc.*, 203 F.3d 1058, 1059 (8th Cir. 2000). "But the rule is prudential, not jurisdictional." *Id*. Furthermore, "courts should not enforce the rule punitively against appellees, because that would motivate appellees to raise every possible alternative ground and to file every conceivable protective cross-appeal, thereby needlessly increasing the scope and complexity of initial appeals." *Id*; *see also Eichorn v. AT&T Corp.*, 484 F.3d 644, 657-58 (3d Cir. 2007).

The initial appeal in this case followed this Court's order granting summary judgment in favor of Bank of America. Had the Court denied Bank of America's motion for summary judgment

with respect to the attorneys' fees for the reason later stated by the Eighth Circuit as grounds for denying summary judgment – which was that those fees had been incurred and would be recoverable under the Arkansas tacit-agreement rule – the defendant would have been free to file another motion for summary judgment arguing that John and Beverly Stacks did not pay the fees and Mountain Pure, LLC, could not recover them because it was not a party to the contract. The Court would have been free to reach that issue even though it had not been decided in the earlier order. *See* FED. R. CIV. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities."); *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 935, 74 L. Ed. 2d 765 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). When the Eighth Circuit reversed in part on appeal from the order granting summary judgment, its decision essentially put the case back in the posture it would have been had this Court denied the motion for summary judgment on the issue of whether plaintiffs could recover the attorneys' fees they sought, with one exception, which is that the mandate rule prohibits the Court from revisiting issues decided by the Eighth Circuit.

In summary, *Morris III* is not controlling because in that case the law of the case doctrine applied inasmuch as the Eighth Circuit had decided, in an earlier appeal, the precise legal issue that the defendant sought to raise in the second appeal; whereas, in the earlier appeal of this case, the Eighth Circuit did not decide the issue that became the basis for this Court's order granting summary judgment after remand.

The motion for reconsideration is DENIED. Document #75.

## II.

In their motion to alter or amend the judgment, the plaintiffs argue that if the defendant is correct that the plaintiffs lack standing, then the Court cannot reach the merits of the case but must, instead, dismiss the case because standing is a jurisdictional issue.

In the present case, the distinction that the plaintiffs make is a distinction without a difference. Standing is an indispensable part of the plaintiffs' case, and each element must be supported by proof with the same manner and degree of evidence required at the successive stages of the litigation as other matters on which the plaintiff bears the burden of proof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136-37, 119 L. Ed. 2d 351 (1992). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may be sufficient because on a motion to dismiss the Court presumes that general allegations embrace the specific facts that would prove the claim. *Id*.

> In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," which for purposes of the summary judgment motion will be taken to be true.

*Id*. (citation omitted). When in response to a properly supported motion for summary judgment the plaintiff cannot set forth specific facts showing that he has standing, it is error to deny the summary judgment motion. *Id*. at 578, 112 S. Ct. at 2146.

Here, the defendant filed a motion for summary judgment, supported as required by Rule 56, showing that it is undisputed that John and Beverly Stacks did not pay the attorneys' fees at issue and that Mountain Pure, LLC, was not a party to the contract out of which the attorneys' fees arose.

5

The plaintiffs did not dispute those facts. Therefore, summary judgment was proper even if the reason for granting summary judgment is that the plaintiffs lack standing.

More importantly, what is at stake on this argument is not the particular phraseology of the order adjudicating the final issue on the merits; what is at stake is whether the Court has jurisdiction to consider Bank of America's motion for attorneys' fees as the prevailing party in this case. As it had done after this Court's earlier award of summary judgment, Bank of America has filed a motion for attorneys' fees. In response to that motion, the plaintiffs have argued that if the Court granted Bank of America's motion for summary judgment on the ground that the plaintiffs lacked Article III standing, then the Court has no subject matter jurisdiction and has no power to award fees. However, there is no doubt that the plaintiffs had standing to pursue the other relief that they sought in this case, and there is no doubt that Bank of America prevailed on the merits on all of the other issues. Even if the Court were to dismiss this last claim for lack of standing, as opposed to granting summary judgment because the plaintiffs cannot prove standing, that fact would not retroactively rob the Court of jurisdiction over all of the issues that have previously been decided; nor would it mean that the Court lacks jurisdiction to consider an award of attorneys' fees on the issue asserted by the plaintiffs with respect to which it was ultimately determined that they do not have standing.

On the merits, the plaintiffs argue, in part, that the defendant may not recover attorneys' fees under Ark. Code Ann. § 16-22-308 because that statute does not provide for an award of attorneys' fees in an action based on promissory estoppel, the theory of Count II, which plaintiffs say was the predominant issue before this Court after Count I was referred to arbitration. The statute authorizes an award of fees for breach of contract. The plaintiffs argue that a cause of action based on promissory estoppel is not a cause of action for breach of contract. *See Tyson Foods, Inc. v. Davis*,

347 Ark. 566, 578, 66 S.W.3d 568, 575 (2002) (rejecting arguments based on contract law because "[t]his is a misrepresentation, fraud, or promissory estoppel case, not a contract cause of action . . ."); *see also Heating & Air Specialists, Inc. v. Jones*, 180 F.3d 923, 934 (8th Cir. 1996) ("[P]romissory estoppel is applicable only in the absence of an otherwise enforceable contract."). *Compare* AMI Civil 2401 (2008) (stating the elements of a claim of breach of contract), *with* AMI Civil 2444 (stating the elements of a claim of promissory estoppel). Nevertheless, a promise binding because the elements of promissory estoppel are present is sometimes said to be a contract. RESTATEMENT (SECOND) OF CONTRACTS § 90 cmt. d (1981).

In *Security Pacific Hous. Servs., Inc. v. Friddle*, 315 Ark. 178, 185, 866 S.W.2d 375, 379 (1993), the Supreme Court of Arkansas said, "[t]he general rule in Arkansas is well-settled that attorney's fees are not awarded unless expressly provided for by statute or rule." *See also Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 228, 800 S.W.2d 717, 718 (1990). The Eighth Circuit has held that attorneys' fees may not be allowed under Ark. Code Ann. § 16-22-308 in an action based upon promissory estoppel. *Westside Galvanizing Servs., Inc. v. Georgia-Pacific Corp.*, 921 F.2d 735, 740-41 (8th Cir. 1990). When litigation presents a claim based in contract along with a claim based on another theory of recovery, the Arkansas courts will award attorneys' fees under section 16-22-308 only when the action is based primarily in contract. *Meyer v. Riverdale Harbor Mun. Prop. Owners Imp. Dist.*, 58 Ark. App. 91, 93, 947 S.W.2d 20, 22 (1997).

Plaintiffs argue that this action, apart from the issue decided in arbitration, was based primarily on promissory estoppel rather than on breach of contract. The issues presented in the complaint related to two transactions between the plaintiffs and Bank of America. One of those transactions was an April 2001 promissory note executed by Mountain Pure, LLC, in the amount of

$1,850,000. The plaintiffs alleged in Count I, paragraph 12, that Bank of America breached its contract with Mountain Pure LLC by declaring the $1,850,000 loan in default. This Court granted Bank of America's motion to compel arbitration with respect to the breach of contract claim arising from the April 2001 promissory note. That claim was resolved in arbitration. The issues remaining to be litigated in this action related to a line of credit issued by Bank of America to John and Beverly Stacks in the amount of $650,000. According to the complaint, in February 2002 Bank of America requested that John and Beverly Stacks close the line of credit, which they agreed to do. John and Beverly Stacks had pledged stock to secure the line of credit but, according to the complaint, when the line of credit was paid off Bank of America did not release the stock. Count I, paragraph 14, of the complaint alleged that Bank of America's failure to release the stock was a breach of contract. Count II alleged that Bank of America should be held liable for failing to release the stock based on the theory of promissory estoppel.

Although the plaintiffs sought damages in the complaint for the same act of wrongdoing – failure to release the stock – based on two distinct legal theories, in reviewing the record[1] the Court has concluded that this was an action based primarily in contract. Among other things, the Court notes that on April 1, 2005, the plaintiffs filed a brief in which they stated:

> The claim that defendant breached the contract by calling the term note was sent to arbitration and resolved there, and is not at issue in this case. The only remaining issue is the claim that defendant breached the agreement between the parties by refusing to release the bank stock.

---

[1] This case was assigned to the Honorable George Howard, Jr., from the date the complaint was filed on February 22, 2002, until April 27, 2007, when it was reassigned as a result of Judge Howard's death.

Pls.' Br. Supp. Resp. Defs.' Mot. Summ. J. 2-3 (Document #20).  Similarly, on April 8, 2005, the plaintiffs stated in their pretrial information sheet:

> Plaintiffs claim damages from defendant for breach of contract.  Plaintiffs contend that defendant agreed to release bank stock which secured a line of credit upon payment of the line of credit.  Plaintiffs procured payment of the line of credit, but the bank delayed approximately two months in releasing the collateral which secured the line of credit.

Pls.' Pretrial Information Sheet 1 (Document #21).  In keeping with their statement that "the only remaining issue" after arbitration "is the claim that defendant breached the agreement between the parties by refusing to release the bank stock[,]" in their response to Bank of America's original motion for attorneys' fees, the plaintiffs conceded that the Court had the discretion to award attorneys' fees to Bank of America under Ark. Code Ann. § 16-22-308.  Pls.' Resp. Mot. Att'ys' Fees 1 (Document #37).  Thus, it appears that in 2005 and in 2006 the plaintiffs, themselves, viewed this case primarily if not exclusively as a breach of contract case.  In reviewing the briefs and arguments, the Court cannot find any material way in which the briefs and arguments would have differed had there been no count alleging promissory estoppel.  Thus, the Court concludes that the action litigated in this Court was based primarily on the claim of breach of contract, and so fees may be awarded pursuant to section 16-22-308.

Section 16-22-308 authorizes but does not require the Court to award fees to the prevailing party.  *Chrisco v. Sun Indus.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718 (1990).

> Additionally, although there is no fixed formula in determining the computation of attorney's fees, the courts should be guided by recognized factors in making their decision, including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances,

>and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*Id.*, 800 S.W.2d at 718-19. The plaintiffs do not argue that Bank of America's fee request is excessive in light of any of the *Chrisco* factors. They do object, however, to the amount of the fee request inasmuch as it includes fees and costs on appeal. The plaintiffs argue that section 16-22-308, as construed by the Arkansas Supreme Court, does not authorize an award of attorneys' fees in the appellate court on appeals involving contract cases. The Arkansas Supreme Court has indeed held that fees may not be awarded on an appeal of a contract case. *215 Club v. Devore*, 311 Ark. 309, 843 S.W.2d 317 (1992); *Mosley Machinery Co., Inc. v. Grey Supply Co.*, 310 Ark. 448, 837 S.W.2d 462 (1992). Furthermore, even if the Court had the authority under section 16-22-308 to award fees for the appeal, it would exercise its discretion not to do so in this instance. Although Bank of America prevailed on the more significant issues on appeal, it did not prevail on all of the issues. The Eighth Circuit remanded on a claim of $3,961.53 in attorneys' fees charged to the Stacks for work in connection with the release and indemnification demanded by Bank of America as a prerequisite to releasing the stock. *Mountain Pure, LLC v. Bank of America, N.A.*, 481 F.3d 573, 576 (8th Cir. 2007). After remand, the Court granted summary judgment on that issue on a basis that could have been, but was not, argued in the Eighth Circuit. The failure to raise the issue earlier has resulted in an unnecessary round of litigation following the appeal. For both of these reasons, the Court will not award Bank of America the fees and costs incurred during the appeal. Otherwise, considering all of the *Chrisco* factors, the fee request appears to be reasonable.

Bank of America has requested fees in the amount of $75,053.40 and costs in the amount of $3,084.17. The fees and costs relating to the appeal were $17,911.80 and $733.88 respectively.

When those amounts are deducted from the request for fees and costs, the balance in fees is $57,141.60, while the balance in costs is $2,350.29. Judgment will be entered in favor of Bank of America in those amounts.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration and to alter or amend the judgment is DENIED. Document #75. Bank of America's motion for attorneys' fees is GRANTED. Document #77. A judgment will be entered separately.

IT IS SO ORDERED this 8th day of July, 2008.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE